United States District Court
Southern District of Texas
**ENTERED**
January 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JULIAN GALVAN SILVAS, JR.,                §
                                          §
        Plaintiff,                        §
                                          §
V.                                        §    CIVIL ACTION NO. 2:24-CV-00254
                                          §
ADMINISTRATION COUNTY JAIL, *et al.*,     §
                                          §
        Defendants.                       §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 11). The M&R construes Plaintiff's Motion to Reinstate Case as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and recommends that the Court deny Plaintiff's motion. *Id.* at 3. Plaintiff filed five letters, which the Court construes as written objections to the M&R. (D.E. 14; D.E. 15; D.E. 16; D.E. 17; D.E. 18).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises three objections to the M&R's recommendation that the Court deny his Motion to Reinstate Case[1]: (1) Plaintiff broadly asserts he's subjected to bad conditions in Nueces

---

[1] The Court liberally construes Plaintiff's objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (2007)) ("A document filed *pro se* is 'to be liberally construed[.]'").

County Jail; (2) Plaintiff alleges officers physically assaulted inmates in Plaintiff's housing, including one of Plaintiff's neighbors; and (3) Plaintiff alleges poor medical attention in the jail places him in imminent danger. (D.E. 14, p. 1–2; D.E. 15, p. 1–2; D.E. 16, p. 1–3).

*First*, Plaintiff objects because of the bad conditions he alleges in Nueces County Jail, stating that:

- He is "going through a lot of bad[,] negative things[,]" (D.E. 15, p. 1);

- He is "being housed wrong and not being given a fair . . . stay here at all[,] (D.E. 15, p. 1);

- He is "not being given a fair chance to move around," which affects him mentally and physically, (D.E. 15, p. 1);

- "Jail administration is wrong because they don't want to help [him] out at all[,] (D.E. 15, p. 2); and

- "This jail does not do right at all[,]" (D.E. 15, p. 2).

These broad assertions that the jail is not treating Plaintiff well do not indicate that he is in imminent danger of serious physical harm. So, these assertions do not lead the Court to reconsider its previous conclusion that because Plaintiff was not in imminent danger of serious physical harm, he must pay the $405.00 filing fee to proceed. (D.E. 6, p. 3). Accordingly, the Court **OVERRULES** Plaintiff's first objection.

*Second*, Plaintiff objects because he alleges jail officers assaulted inmates on December 18, 2024. *See* (D.E. 14, p. 1–2). He alleges that during Lieutenant Hall's shift, officers assaulted an inmate in Plaintiff's housing. *Id.* at 1. He also alleges that during medication pass, Lieutenant Guiterez,[2] Sergeant Syler, and Sergeant Smith were present, and one of them assaulted Plaintiff's neighbor. *Id.* Plaintiff contends that "[t]hese officers are very rough." *Id.* Liberally construing this

---

[2] The Court follows Plaintiff's spelling.

objection, Plaintiff could be arguing that the officer's alleged rough behavior with other inmates puts Plaintiff in imminent danger of serious physical harm because the officers might also physically assault him. *See id.* at 1–2. But the Court is not persuaded that Plaintiff has asserted an imminent threat of serious physical harm. Even assuming, for the sake of argument, that the officers had assaulted other inmates, Plaintiff has offered no evidence that the guards physically harmed—or threatened to physically harm—him. Because Plaintiff does not indicate that the officer's alleged assault of other inmates places him in imminent danger of serious physical injury, the Court **OVERRULES** Plaintiff's second objection. *See* 28 U.S.C. 1915(g) (providing exception to three strikes rule when "the *prisoner* is under imminent danger of serious physical injury" (emphasis added)).

*Third*, Plaintiff objects that the medical attention he receives places him in imminent danger of serious physical injury. He asserts that (1) the medical department takes too long to offer help; (2) Plaintiff had two dizziness spells but received no help despite writing to the medical department; (3) nurses messed up his medication, which caused him to "fall out"; and (4) Plaintiff has been feeling really sick—possibly with the flu—and has been on a waiting list for months to receive a flu vaccination. (D.E. 16, p. 1–2). From this, Plaintiff concludes that he is in imminent danger due to bad medical attention. *Id.* at 3. But Plaintiff has not referred the Court to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff asserts two dizziness spells, a single instance of nurses mistakenly providing him the wrong medicine, and a possible case of the flu when he has not been provided a vaccination. Taken together, these assertions do not indicate Plaintiff is under imminent danger of "serious physical injury." 28 U.S.C. § 1915(g). Accordingly, the Court **OVERRULES** Plaintiff's third objection.

Plaintiff also indicates that he did not have a case number for this civil action. *See* (D.E. 17, p. 1–2). The Court notes that Plaintiff filed a Prisoner's Civil Rights Complaint on November 6, 2024. (D.E. 1). The Court assigned Plaintiff's case the following civil action number: 2:24-cv-00254. The Court then dismissed Plaintiff's case because he has previously had three civil actions dismissed and has not paid the $405.00 filing fee. (D.E. 6; D.E. 7). Plaintiff asks the Court to send him the proper paperwork to open a new civil lawsuit. (D.E. 14, p. 2; D.E. 15, p. 2; D.E. 16, p. 2–3; D.E. 17, p. 3). After receiving this request, the Court mailed Plaintiff copies of the 1983 Prisoner Civil Rights form and an In Forma Pauperis form.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 14; D.E. 15; D.E. 16; D.E. 17; D.E. 18), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 11). Accordingly, the Court **DENIES** Plaintiff's motion. (D.E. 10).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      January 13, 2025

4 / 4